IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRUSTEES OF THE OPERATING** | * | |
| **ENGINEERS LOCAL 77 TRUST FUND** | * | |
| **OF WASHINGTON, D.C., et al.** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil No. **PJM 09-842** |
| | * | |
| **COMMERCIAL SERVICES** | * | |
| **GROUP, INC.** | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION & ORDER**

In this case, Plaintiffs, a group of Trustees who are fiduciaries of various multi-employer plans under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, filed an action against Defendant Commercial Services Group, Inc. ("CSG") to recover unpaid contributions to the trust funds they oversee. Plaintiffs alleged that CSG failed to make the required contributions and failed to make various records available to them or an auditor for audits of the company's finances for fiscal years 2006, 2007, and 2008. On August 18, 2009, after the Clerk had entered an Order of Default and more than four months had elapsed without a response from CSG, the Court entered a Final Order of Judgment in favor of Plaintiffs. The Order awarded Plaintiffs damages, interest, and attorneys' fees and also directed that CSG "shall make available their books and records for fiscal years 2006, 2007, and 2008 to Plaintiffs' auditor, Salter & Company, LLC."

On March 24, 2010, Plaintiffs filed a Motion for an Order Requiring Defendant to Show Cause Why It Is Not in Contempt for Violating This Court's August 18, 2009 Order [Paper No. 13]. Plaintiffs had tried unsuccessfully on several occasions to schedule an on-site audit at CSG

only to have CSG's Chief Executive Officer, Thomas Love, cancel the audit each time, often citing various medical problems. On August 9, 2010, the Court issued a Show Cause Order [Paper No. 14] directing CSG and Mr. Love to show cause in writing within twenty days why they should not be held in contempt for violating the Court's Order of August 18, 2009. Neither CSG nor Mr. Love filed a timely response to the Court's Show Cause Order, and on September 17, 2010, Plaintiffs filed a Motion for an Order Holding Tom Love in Contempt of Court and for a Warrant To Be Issued for His Arrest [Paper No. 15].

Apparently, CSG and Mr. Love did not file a response because CSG was in bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Virginia, and they believed that these proceedings obviated any need to respond. To resolve these matters, the Court held a telephone conference with the parties on September 28, 2010 and issued a memorandum formalizing the decisions that had been made:

1. By October 1, 2010, counsel will submit a joint motion to lift stay in the U.S. Bankruptcy Court for the Eastern District of Virginia to obtain leave for this Court to direct Defendant's CEO, Tom Love, to comply with this Court's prior directive to make Defendant's books and records available to Plaintiffs' auditor;
2. Following the Bankruptcy Court's grant of the joint motion to lift stay, Mr. Love agrees to fully comply with this Court's prior directive and make available for inspection, by November 1, 2010, Defendant's books and records for fiscal years 2006–2008; and
3. Assuming the lift stay has been granted by the Virginia Bankruptcy Court, if Mr. Love does not fully comply with this Court's prior directive by November 1, 2010, this Court will issue an order holding Mr. Love in contempt of court and will direct the U.S. Marshal to secure Mr. Love's immediate arrest.

The parties, however, did not comply with the prescribed deadlines, and over six months elapsed without any activity in the case. On April 11, 2011, the Court issued a Memorandum Order denying Plaintiffs' pending Motion for an Order Holding Tom Love in Contempt of Court and for a Warrant To Be Issued for His Arrest. "Should Plaintiffs decide to renew their request to hold Love in contempt," the Court directed, "they may do so only by filing a second motion,

and only after obtaining leave to proceed against Love from the U.S. Bankruptcy Court for the Eastern District of Virginia."

On November 4, 2011, CSG's bankruptcy proceedings, which had been converted to a Chapter 7 case, terminated.[1]  On November 16, 2011, Plaintiffs filed a Renewed Motion for an Order Holding Tom Love in Contempt of Court and for a Warrant To Be Issued for His Arrest ("Renewed Motion") [Paper No. 19].  Plaintiffs again asked the Court to issue an order holding Mr. Love in contempt for refusing to comply with the Court's previous Order directing him to permit inspection of CSG's books and records, and issue a warrant for Mr. Love's arrest.  Mr. Love never filed a timely response.  In Memorandum Order dated February 2, 2012, the Court gave Mr. Love twenty more days to respond, but warned him that if he failed to comply with this deadline the Court would rule on Plaintiffs' Renewed Motion without a response from him.  On February 22, 2012, Mr. Love filed a letter asking for an extension of time, citing health problems and the fact that he would formally retain counsel.  The Court granted Mr. Love's request for an extension through March 7, 2012.

Represented by counsel, Mr. Love filed a motion asking for an additional ten days to respond to Plaintiff's Renewed Motion, which the Court granted.  On March 18, 2012, Mr. Love filed another motion to delay his response, this time seeking a sixty-day extension.  Mr. Love represented that he was scheduled to undergo cancer surgery the first week of April 2012 and that the records Plaintiffs sought were located in Lubbock, Texas and would take some time to retrieve.  Plaintiffs' opposed the request, asserting that Mr. Love was once again attempting to delay compliance with the Court's August 18, 2009 Order.   On March 23, 2012, the Court

---

[1] The last docket entry in the case states in full: "Case Closed. The Chapter 7 No Distribution case having been fully administered, the case is hereby closed. The Trustee in this case is hereby discharged."

granted Mr. Love fifteen more days to respond to Plaintiffs' Renewed Motion, but warned that no further extensions would be considered.

Despite the numerous extensions of time, Mr. Love has never filed a response to Plaintiff's Renewed Motion.  Given Mr. Love's repeated failure to comply with Court deadlines and to make available CSG's books and records for fiscal years 2006, 2007, and 2008, the Court **GRANTS** Plaintiffs Renewed Motion [Paper No. 19] insofar as Mr. Love is **ORDERED** to fully comply with the production of financial documents within **15 DAYS**.  Failing that, the Court will sign an Order **DIRECTING** the U.S. Marshal to take Mr. Love into custody until he complies. No further extensions will be granted.

                                            /s/
                                **PETER J. MESSITTE**

**August 30, 2012**                    **UNITED STATES DISTRICT JUDGE**